UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTOINETTE BLUNT : |  |
|     Plaintiff, : |  |
| : |  |
|     v. : |  |
| : | Civ. No. 3:04CV483 (CFD) |
| : |  |
| AETNA/US HEALTHCARE, : |  |
|     Defendant. : |  |

**RULING ON MOTION TO DISMISS**

The plaintiff, Antoinette Blunt, proceeding *pro se*, brought an employment discrimination complaint against the defendant, Aetna/U.S. Healthcare ("Aetna"), setting forth claims pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq*. ("the Rehabilitation Act"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("the ADA").  Pending is Aetna's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**I      Background**

Taken in a light most favorable to the plaintiff, the complaint alleges the following: Blunt was a customer service representative in one of Aetna's "call centers" until June 1998, when she suffered traumatic brain injury in a car accident.  After the accident, Blunt began to receive long-term disability payments from Aetna in the amount of $431.00 per month.  This monthly payment was less than fifty percent of her pre-disability salary.  Blunt claims that, according to the Aetna employee handbook, she was entitled to receive fifty percent of that salary during her disability period.

The complaint also alleges that, since the time of the accident, Blunt has received evaluations from several physicians that indicate that she is medically able to return to work.

1

Despite having these letters, however, Blunt has not been able to return to employment with Aetna. Blunt claims that Aetna will not consider her for such employment until she stops receiving long-term disability payments, yet she is unable to give up those payments without the promise of employment from Aetna. In sum, the complaint alleges that Aetna has discriminated against Blunt from 1999 to the present for these reasons.

On October 26, 2001, Blunt filed administrative discrimination charges against Aetna with the State of Connecticut's Commission on Human Rights and Opportunities ("CCHRO"). The CCHRO issued Blunt a "release of jurisdiction" letter on April 17, 2002. Blunt also filed charges against Aetna with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found no probable cause to believe that discrimination occurred, and issued Blunt a right to sue letter on February 3, 2003. Blunt brought this action against Aetna on March 17, 2004, setting forth claims under the Rehabilitation Act and the ADA.[1] Aetna now moves to dismiss both claims pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that they were not filed in this Court on a timely basis and that, as to the Rehabilitation Act claim, the federal funding element has not been demonstrated.

**II      Standard**

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79

---

[1] In her response to Aetna's motion to dismiss, Blunt mentions the Equal Pay Act of 1963, 29 U.S.C. § 206(d). Her complaint, however, fails to set forth a claim under the Equal Pay Act. Consequently, although Aetna addresses the Equal Pay Act in its reply memorandum in support of its motion to dismiss, the Court finds that there is no Equal Pay Act claim pending.

F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir.1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn.1990) (citing Scheuer, 416 U.S. at 232). In its review of such a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).[2] In employment discrimination cases, a plaintiff's "EEOC and CCHRO charges may be considered either as matters referenced in the complaint or as public records subject to judicial notice." McBride v. Routh, 51 F.Supp.2d 153, 156 (D.Conn. 1999) (citing cases). Finally, when considering a motion to dismiss a complaint filed by a *pro se* plaintiff, the Court "must construe *pro se* pleadings broadly, and interpret them 'to raise the strongest arguments they suggest.'" Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

**III    ADA Claim**

Aetna first argues that Blunt's ADA claim is untimely because it was filed more than

---

[2]The Second Circuit has stated: "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." Ghartey v. St. John's Queens Hospital, 869 F.2d 160, 162 (2d Cir. 1989).

ninety days after she received her right to sue letter from the EEOC.

It is well-settled that a plaintiff may not bring an ADA action in federal court "unless the claim was properly raised with the EEOC." Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985). Once a claimant has received a right to sue letter from the EEOC, suit must be filed within ninety days. 42 U.S.C. § 2000e-5(f)(1); Holt v. KMI-Continental, Inc., 95 F.3d 123, 132 (2d Cir. 1996); Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994).

As mentioned, Blunt's right to sue letter from the EEOC is dated February 3, 2003. In the section of that letter entitled "Notice of Suit Rights," it states:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (emphasis in original)

See also 42 U.S.C. § 2000e-5(f)(1) (providing that "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved"). Blunt's ADA claim is untimely because it was brought on March 17, 2004, more than one year after the date of her right to sue letter.[3] See, e.g., Ozenne v. University of Connecticut Health Care, 292 F.Supp.2d 425, 433 (D.Conn. 2003) (finding a complaint filed more than ninety days after receipt of a right to sue letter untimely).

Blunt argues, however, that her action is timely under to the release of jurisdiction given her by the CCHRO. This argument is without merit, as it is the ninety-day period set forth in § 2000e-5 and the date of the EEOC's release of jurisdiction letter which control the jurisdiction of

---

[3]A presumption exists that an EEOC notice is received three days after its mailing. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1 (1984); Ozenne v. University of Connecticut Health Care, 292 F.Supp.2d 425, 433 (D.Conn. 2003).

this Court over her ADA claim.[4]  See Shah v. New York State Dept. of Civil Service, 168 F.3d 610, 614 (2d Cir. 1999) ("A Title VII claimant may bring suit in federal court only if he has filed a timely complaint with the EEOC and obtained a right-to-sue letter"); Black v. Brown University, 555 F.Supp. 880, 884 n.8 (D.R.I. 1983) (rejecting argument that state commission's release is the equivalent to the EEOC release because "[t]he plain language of 42 U.S.C. § 2000e-5(f)(1) requires, as a condition precedent to litigating in federal court, a right to sue letter issued by the EEOC")(citing cases).  In addition, even if it were applicable, the CHRO's release stated that a claim must be brought by Blunt within ninety days of receipt and within two years *of the date of the filing of the complaint with the CCHRO*; not within two years of the receipt of its release, as Blunt argues.  See also Conn. Gen. Stat. § 46a-101(e) (providing that "[a]ny action brought by the complainant in accordance with section 46a-100 shall be brought within ninety days of the receipt of the release from the commission).

 In her response to Aetna's motion to dismiss, Blunt notes once again that she suffered traumatic brain injury in the accident.  In addition, Blunt states that, at the time she filed her action in this Court, she "had a conservator who had to get authorization from a probate court judge to follow this case.  Which didn't go well."  Blunt also notes that she no longer has the conservator "to depend on" in prosecuting this case.

 A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling.  Zerilli-Edelglass v. N.Y. City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003); Brown v. Parkchester South Condominiums, 287 F.3d 58, 60 (2d

---

[4]Blunt has not set forth a claim under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-101(e).

Cir. 2002).[5]  Thus, the Second Circuit has cautioned that, "[w]here a claimant avers incapacity due to mental impairment during the [limitations] period, the district court should permit the claimant to present evidence in support of this claim. If the claimant proves that she was incapacitated for any length of time during the [relevant] period, then the district court can determine whether, considering all of the circumstances of the case, equitable tolling is warranted."  Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991).  Considering Blunt's status as a *pro se* plaintiff, and her allegations considering her brain injury and the appointment of a conservator, the Court finds that she should be permitted an opportunity to present evidence that the period of limitations for her ADA claim should be equitably tolled on the ground of mental disability.  Because any such evidence presented by Blunt or Aetna would be outside the scope of the pleadings, Aetna's motion to dismiss Blunt's ADA claim pursuant to Rule 12(b)(6) is denied, without prejudice to the filing of a motion for summary judgment on this topic.  See, e.g., Ozenne, 292 F.Supp.2d at 433 (addressing a claim that the ninety day period should be equitably tolled in the context of a motion for summary judgment).

**IV   Rehabilitation Act Claim**

Aetna also moves to dismiss Blunt's Rehabilitation Act claim on the grounds that it is untimely and that Aetna does not receive federal funding.

1) Timeliness

A claim under the Rehabilitation Act must be filed within three years of the alleged

---

[5]The ADA's timeliness requirements are subject to equitable tolling. See, e.g., Brown v. Parkchester South Condominiums, 287 F.3d 58, 60 (2d Cir. 2002) (vacating motion to dismiss and remanding for a hearing on whether plaintiff's medical condition warranted equitable tolling of the applicable filing deadline for, inter alia, his ADA claim).

discriminatory act.  See, e.g., Harris v. City of New York, 186 F.3d 243, 247-48 (2d Cir. 1999) (Rehabilitation Act claims subject to same three-year statute of limitations applied to Section 1983 claims); Lounsbury v. Jeffries, 25 F.3d 131 (2d Cir. 1994) (three-year statute of limitations applies to Connecticut-based Section 1983 claims); Duprey v. Connecticut Dept. of Motor Vehicles, 191 F.R.D. 329, 341 (D.Conn. 2000) (noting that the three-year statute of limitations in Conn. Gen. Stat. § 52-577 applies to a section 504 claim under the Rehabilitation Act); Wills v. Ferrandino, 830 F.Supp. 116, 125 (D.Conn. 1993) (applying § 52-577 to a section 504 claim under the Rehabilitation Act).

Aetna claims that Blunt's Rehabilitation Act claim is untimely because it was filed more than three years after her termination of employment in June 1998 due to the injuries she received in the car accident.  Taken in a light most favorable to Blunt, however, the complaint alleges discriminatory acts within three years of the date of her complaint: she alleges that Aetna continued to fail to rehire her after the accident even though she presented medical documents stating she could work.  Although Blunt does not indicate the dates of those documents, that is an insufficient reason for granting a Rule 12(b)(6) motion, especially against a pro se plaintiff.  Consequently, Aetna's motion to dismiss Blunt's Rehabilitation Act claim as untimely is denied, also without prejudice to filing a motion for summary judgment on this topic.

    2) Federal Funding

Aetna also argues that Blunt's Rehabilitation Act claim must be dismissed because she has not alleged that Aetna receives federal funds, which would subject it to the Rehabilitation Act.  In order to demonstrate employment discrimination under the Rehabilitation Act, a plaintiff must allege that: (1) he is an "individual with a disability," (2) he was "otherwise qualified" for a

position, (3) he was denied that position on the basis of his disability, and (4) the employer receives federal funds.  D'Amico v. City of New York, 132 F.3d 145, 150 (2d Cir. 1998); Banks v. Potter, 253 F.Supp.2d 335, 344 (D.Conn. 2003).  Here, rather than draft her own complaint, Blunt, proceeding *pro se*, used one of the standard forms provided by the clerk's office in this District, which is entitled "Complaint for Employment Discrimination."  That form allows a plaintiff to bring claims pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Rehabilitation Act or the ADA simply by placing a mark next to the applicable statutory reference.  Here, Blunt checked off the section for a Rehabilitation Act claim, which indicated that she was bringing a claim pursuant to:

> [The] Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer *which constitutes a program or activity receiving Federal financial assistance*. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343.  Equitable and other relief is sought under 29 U.S.C. § 794a. (emphasis added)

Accordingly, Blunt has alleged the elements of the Rehabilitation Act, including federal funding, in her complaint.  Aetna's motion to dismiss the plaintiff's Rehabilitation Act claim pursuant to Rule 12(b)(6) is denied, also without prejudice to the filing of a motion for summary judgment on this topic.

**IV      Conclusion**

Aetna's motion to dismiss **[Doc. # 14]** is **DENIED.**

SO ORDERED this    30th    day of June 2005, at Hartford, Connecticut

                                    /s/ CFD
                                    **CHRISTOPHER F. DRONEY**
                                    **UNITED STATES DISTRICT JUDGE**